PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2000 Chevrolet Blazer struck a ditch that was situated outside of the white edge line on Cross Lanes Drive. Cross Lanes Drive is a public road maintained by the Respondent. The Court is of the opinion to deny this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 8:15 a.m. on *164 My 18,2009. Cross Lanes Drive is a paved, two-lane road with a double yellow line and white edge lines. The speed limit is 35 miles per hour. At the time of the incident, the Claimant was driving from Poca to Cross Lanes at approximately 45 miles per hour. The Claimant was traveling eastbound on Cross Lanes Drive under windy conditions when the vehicle drifted outside the road’s white edge line and struck a ditch. Although there was oncoming traffic, the other vehicle did not cross the road’s double yellow line. The Claimant stated that he was talking on his cellular phone at the time of the incident. The Claimant testified that he does not travel on Cross Lanes Drive on a regular basis and was not aware of the condition of the road prior to this incident. As a result, the Claimant’s vehicle was totaled. The Claimant’s insurance deductible was $5 00.00.
The position of the Respondent is that it did not have actual or constructive notice of the condition on Cross Lanes Drive at the time of the incident. Danny L. Tucker testified that he is currently the Highway Administrator for Respondent in the North Charleston area. Prior to this position, Mr. Tucker was the Crew Supervisor for Respondent in Putnam County. Mr. Tucker testified that he is familiar with Cross Lanes Drive and stated that it is a well-maintained road. Mr. Tucker does not recall any instances of high wind during My of that year. He stated that the ditch was located off of the roadway. He testified that each lane of travel was between 12 and 14 feet wide, and there were no defects on the travel portion of the road. He testified that a heavy rain could have caused the road’s white edge line to have washed out in this area, but he was not aware of the road’s condition at that time.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold the Respondent liable for road defects of this type, the Claimant must prove that the Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that the Claimant’s vehicle drifted too far over onto the side of the road. The Court has previously held the Respondent liable where the driver of the vehicle was forced to use the berm in an emergency situation, and the berm was in disrepair. See Handley v. Division of Highways, CC-08-0069 (Issued October 6,2008); Warfield v. Division of Highways, CC-08-0105 (Issued August 4, 2008). The Court cannot hold the Respondent liable for failure to maintain the berm when the berm was not used in an emergency situation. The Claimant had more lane width than usual on this particular roadway to avoid the hazard at the edge of the road. Thus, there is insufficient evidence of negligence on the part of the Respondent upon which to base an award.
Accordingly, the Court is of the opinion to and does deny this claim, Claim disallowed.